**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRIGOL ABROYAN; et al., | No. 12-70563 |
| Petitioners, | Agency Nos. A095-200-424, A095-200-423, A095-200-427 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 3, 2015
Pasadena, California

Before: M. SMITH and N.R. SMITH, Circuit Judges and LEFKOW,[**] Senior
District Judge.

Kima Saakyan, Grigol Abroyan, and Armen Abroyan, citizens of Georgia,

petition for review of an order of the Board of Immigration Appeals ("BIA")

dismissing their appeal from the Immigration Judge's ("IJ") decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Joan H. Lefkow, Senior District Judge for the United
States District Court for the Northern District of Illinois, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. For the following reasons, we grant in part and deny in part the petition for review and remand for further consideration.

1. Standard of Review

In reviewing the BIA's decision, we consider only the grounds on which it expressly relied. *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). If we conclude that the BIA's decision cannot be sustained on those grounds, we must remand to the agency for additional investigation or explanation. *Id.*; *see also I.N.S. v. Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam). Our review is further constrained by the BIA's limited incorporation of the IJ's opinion. The BIA did not adopt the IJ's opinion wholesale; rather, it relied on the opinion "as a statement of reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (citation omitted) (internal quotation marks omitted). We therefore "review here the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Id.* (citation omitted). We do not review those parts of the IJ's opinion that the BIA did not mention. *Id.*

We review credibility findings for substantial evidence. *Almaghzar v.*

*Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006) (citation omitted). Although this standard demands deference, the BIA "must identify specific, cogent reasons for an adverse credibility finding, and the reasons must . . . strike at the heart of the claim for asylum."[1] *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006) (internal citations and quotation marks omitted), *overruled on other grounds by Maldonado v. Holder*, 781 F.3d 1107 (9th Cir. 2015), *as modified in Maldonado v. Lynch*, No. 09-71491, 2015 WL 2343051, at *1 (9th Cir. May 18, 2015). "Minor inconsistencies that reveal nothing about an asylum applicant's fear for her safety are not an adequate basis for an adverse credibility finding," *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir. 2004) (citation omitted) (internal quotation marks and alternations omitted), nor are inconsistencies that the applicant did not have a chance to explain. *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007) (citation omitted).

2.      Substantial Evidence Issue

The BIA accepted the IJ's credibility findings based on inconsistencies in the applicants' testimony, including three it concluded went to the heart of their claims: (1) Kima's testimony that she did not, and then did, own her home in

---

[1] All three petitioners applied for asylum before the effective date of the REAL ID Act. REAL ID Act, Pub.L. No. 109-13, § 101(h) (2005). Therefore, pre-REAL ID Act standards govern our analysis.

3

Georgia; (2) Grigol and Armen's conflicting statements about where Armen and his sister have lived and how often they spoke to their parents; and (3) Armen's testimony that he worked as a delivery person when he was persecuted by the police even though his visa applications listed his job as "shoemaker."

Whether Kima owned the house in which she resided, without more, does not bear on whether she was persecuted while living there or when she returned to Georgia. The BIA's comment that Kima's explanation "falls flat" means nothing and, further, fails to respond to Kima's testimony reflecting her apparent failure to comprehend "ownership" as understood in the United States. Confusion resulting from miscommunication or mistranslation cannot support an adverse credibility finding. *See Akinmade v. I.N.S.*, 196 F.3d 951, 956–57 (9th Cir. 1999) (citations omitted).

Similarly, inconsistencies and untruthful statements about where Armen and his sister have lived and how often they spoke to their parents do not reveal anything about the applicants' fear for their safety and thus do not go to the heart of their claims. *See Kaur*, 379 F.3d at 884 (citation omitted).

Armen's testimony that he was working as a delivery person when persecuted during 2000 or 2001 is not inconsistent with statements in his visa applications in 1999 and 2001 that he was employed as a shoemaker, as he

4

explained he only worked as a shoemaker for a few weeks. Even if it were, the nature of his work does not pertain to whether his claim of persecution is credible and is therefore minor.

The only inconsistency the BIA identified that does go to the heart of the claim–a potential conflict between Kima's statement that she is half Abkhazian and Armen's birth certificate, which lists her as Armenian–cannot support an adverse credibility finding because Kima was not given an opportunity to address it. *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir. 2004).

The BIA also relied on omissions from petitioners' applications, which was improper as these types of omissions are not a sufficient basis for discrediting testimony.[2] *See Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1254 (9th Cir. 2003) (citation omitted). Further, petitioners were not given an opportunity to explain most of the inconsistencies and omissions on which the BIA relied, *see Don*, 476 F.3d at 741, and even when they were the BIA did not address their explanations. *See Kaur*, 379 F.3d at 887.

In short, further findings or explanations are necessary. The BIA's

---

[2] The record does not even support one of these omissions. The BIA observed that Armen failed to state in his application that he was beaten at the Pedagogical Institute. Armen did, however, mention the beating in a declaration submitted with his application, far in advance of the hearing. *See Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 993 (9th Cir. 2000).

articulation of its reasons does not supply the substantial evidence needed to support the IJ's adverse credibility determination. Because we conclude that the finding was not properly supported, we also conclude that corroboration was not required. *See id.* at 890 (citation omitted).

Although we, like the BIA, are troubled by Armen's submission of a fraudulent document, our case law requires the BIA to evaluate this document in light of all of the circumstances in the case. *Kaur v. Gonzales*, 418 F.3d 1061, 1066 (9th Cir. 2005) (citations omitted). As noted above, those circumstances are not what the BIA thought them to be.

For the above reasons, we grant the petition for review and remand to the BIA so that it may reconsider petitioners' applications for asylum, withholding of removal, and CAT protection. We remand on an open record to give the BIA the opportunity to evaluate petitioners' credibility. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1093 (9th Cir. 2009).

3.   Due Process Issue

Petitioners also raise a due process claim, which we review de novo. *See Yan Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). Because petitioners have not shown that they suffered any prejudice from the IJ's consolidation of their applications, we conclude that the IJ did not violate petitioners' due process rights.

6

*See Oshodi v. Holder*, 729 F.3d 883, 896 (9th Cir. 2013) (en banc); *Soto-Olarte*, 555 F.3d at 1092 n.1.

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED in part and DENIED in part; REMANDED.**